JAMES McCANN and wife *vs*. CITY OF BANGOR.

*User—sidewalk may be proved by. Way established by dedication and acceptance.*

The principles of R. S. of 1857, c. 18, § 62, providing that the repair of a way within six years before the cause of action accrued, estops the town to deny the location, apply to a sidewalk.

When there is a long-continued user of a highway which the town or city has repaired, or there is a dedication made and accepted, the town or city is liable for injuries received solely from the defects of the way.

ON EXCEPTIONS.

CASE to recover damages for an alleged injury received by the wife, by reason of a defect in Front street, in Bangor, in November, 1868.

It was admitted that Front street was legally laid out and established, and the city was bound to keep it in repair.

James McCann (plaintiff) testified,

That he had occupied his store on the west side of Front street seventeen years; that there had been a common thoroughfare, for travelers on foot, all the time, leading from Union street down toward May street, on the west side of Front street, by his store and other stores in that vicinity; that the European & North American Railway Company, in 1868, dug down the west side of Front street, near the stores, for the purpose of laying their track, leaving a bank about five feet high, and made a convenient pathway across the bank in the line of the thoroughfare, where it had been cut off by the digging; that after the track was laid, and before the injury, the city lowered the bank and left the pathway in a bad condition. It was on the pathway his wife fell and broke her arm. The thoroughfare was within the limits of Front street.

There was no evidence that the city had laid out and established the thoroughfare, but there was testimony, on the part of the defendant, that the city had leveled and widened the pathway

McCann *v.* City of Bangor.

after the accident, on account of the ice that might make in the winter.

The street commissioner testified that he passed over this walk before the accident, but could not say how often.

The presiding judge instructed the jury,

That a public road is made for travelers, whether on foot, in a carriage, or on horseback. Outside of the public road, a traveler travels at his own risk and responsibility. Now the city is not bound, while it is bound to make roads safe and convenient for travelers passing to and fro in the street, to make a sidewalk for travelers. Making sidewalks is a matter of discretion with the city authorities. It may make them or not. But making the sidewalk, it is bound just so much to keep it in good repair, and safe for travelers, as any other portion of the street. The question is here, whether there was an established sidewalk created and made by the city, and used by citizens. If so, it was the duty of the city to keep it in repair. If there was not, then it was under no obligation, for it is a matter for the city authorities, as I said before, to determine whether there shall be a sidewalk or not. But if there be one, it is bound to keep it in repair. If it is bound to keep it in repair, it is responsible for its want of repair. If there is not one by authority, it is not bound so to do.

The verdict was for defendant, and the plaintiff alleged exceptions.

*A. Sanborn,* for the plaintiffs.

*C. P. Stetson,* for the defendant.

APPLETON, C. J. A highway may be proved by long-continued user. A sidewalk may be shown to exist in the same way. The repairing of a way or bridge within six years before the cause of action accrued, estops the town to deny the location of the way or bridge on which the injury occurred. R. S. 1857, c. 18, § 62. The same principle applies to a sidewalk as to the way.

The instruction was too restricted. It limits the liability of the

town, for defects in the sidewalk, to the special case, when it is created and made by the city. But when there is a long-continued user of a highway which the town or city has repaired, or there is a dedication made and accepted, the town or city is liable for injuries arising from its defects, when the person injured is without fault.

*Exceptions sustained.*

KENT, WALTON, DANFORTH, and TAPLEY, JJ., concurred. CUTTING, J., did not concur.